**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 04-10371B |
| | ) | |
| JOSEPHINE COHARA | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Judge: RANDOLPH BAXTER |

**TRUSTEE'S MEMORANDUM IN OPPOSITION TO DEBTOR'S MOTION TO DISMISS CHAPTER 7 "PROCEEDING"**

**Facts:**

The Debtor commenced her case under Chapter 7 of the bankruptcy code by filing a voluntary petition on January 13, 2004. Her schedules reflected "Passcorp Inc. Annuity for Structured Settlement of personal injury sustained 1987" as item 10 of Schedule B reflecting zero value. The Trustee has obtained a copy of the Settlement Agreement and Release that is the document establishing the structured settlement. Pertinent to the case before this court at present is the periodic payments to be received by the Debtor or her estate now that she has sought relief under the bankruptcy code. Those payments are as follows:

    $10,000.00 guaranteed lump sum payable on 02-26-2004
    $12,000.00 guaranteed lump sum payable on 02-26-2006
    $15,000.00 guaranteed lump sum payable on 02-26-2008
    $21,950.00 guaranteed lump sum payable on 02-26-2011

All of which is in addition to the $64,500.00 which the Debtor received in late June or early July of the year 2000.

The payment due February 26, 2004 has been intercepted by the Trustee, and is being held by Prudential Insurance pending an order by this court as a result of the Trustee's contacting Prudential and a motion for turnover heretofore filed by the Trustee.

The Debtor's schedules of assets and liabilities, and statement of affairs, reflects $475.00 in assets and $41,928.00 unsecured claims. Omitting any value for the structured settlement. Of the total liabilities scheduled of $41,928.00, only $2,350.00 appears to be from medical related expenses. The Debtor's schedule I reflects she is a "specialist in debt recovery" employed NCO Financial Systems, a collection agency. Her current occupation is a "debt collector". Schedules I and J further reflect a net income of $1,157.00 and a claim of monthly expense of $1,267.00.

With that background, and after the Trustee has filed a motion for turnover order to recover the proceeds of the structured settlement, the Debtor filed her instant motion for a dismissal of her Chapter 7 case. The essence of that motion is Debtor may need medical treatment and wishes to have the proceeds of the structured settlement available to defray such expenses. There is a suggestion that she has proposed payments for debts to creditors, but nothing articulated as to what or how it would be achieved given her budget and other needs.

**Law**:

Debtors do not have an absolute right to voluntarily dismiss the Chapter 7 case. *In re: Turpen,* 244 B. R. 431(8th Cir. BAP 2000): *In re: Sheets,* 174 B. R. 254 (Bkrtcy. N. D. Ohio 1994) *In re: McDonald Jr.,* 73 B. R. 254 (Bkrtcy. N. D. Ohio 1987) *In re: Higbee, 58 B. R. 71* (Bkrtcy. C.D. Ill. 1986).

Section *707*(a) of the bankruptcy and its companion Rule 1017(a) of the Federal Rules of Bankruptcy Procedure, collectively make it abundantly clear that a dismissal sought by the Debtor requires the Debtor to show adequate "cause" to support and justify the sought after

dismissal, which can only be done after notice to creditors and affording creditors an opportunity to be heard to prevent prejudice to creditors. *Id.*

Even assuming the Debtor was solvent, the Debtor's ability to repay her debts outside bankruptcy does not constitute adequate cause for dismissal. *Turpen, Ibid. at 434.* The *Turpen* court went on to state that "Unlike under Chapter 13, the Debtor has no absolute right to dismissal of Chapter 7 case." *Id, 434* other courts have reached the same conclusion. *In re: Klein,* 39 B. R. 530, 532 (Bkrtcy. E. D. N.Y. 1984) *In re: Leach,* 130 B. R. 855, 857 (9th Cir. BAP, 1991) *In re: Haney,* 241 B. R. 430, 432 (Bkrtcy. E.D. Ark. 1999) [In order to succeed on a motion to dismiss the Debtor must make a showing of cause and demonstrate why dismissal is justified.] Further the court should deny a motion to dismiss made by a debtor, despite cause if there is any showing of prejudice to creditors. *In re: Haney,* 241 B. R. 430, 432 (Bkrtcy. E. D. Ark. 1999) There are multiple other cases cited by the BAP in *Turpen.* Bankruptcy Judges Spear and Krasniewski both of the Northern District of Ohio, have each separately also opined that dismissal is not an absolute right of the Debtor, and that the Debtor must show adequate cause therefore and a lack of prejudice to creditors *In re: Sheets,* 174 B. R. 254, 255 (Bkrtcy. N. D. Ohio 1994): *In re: MacDonald Jr.* 73 B. R. 254, 256 (Bkrtcy. N. D. Ohio 1987)

In the case *sub judice*, the debtor makes no showing of adequate cause for dismissal other than a wish for dismissal, which gives no protection to creditors. The probable result of dismissal being creditors will not be able to reach the proceeds of the structured settlement, which the Debtor can use as she pleases and the unsecured creditors will all be left without any recovery on their claims.

**Conclusion:**

For the foregoing reasons the case Trustee, Marvin A. Sicherman, respectfully request that this Court deny the Debtor's Motion to Dismiss her case, as such a dismissal would be without adequate cause, and prejudicial to creditors.

                      Respectfully submitted

                      /s/Marvin A. Sicherman
                      DETTELBACH, SICHERMAN & BAUMGART
                      1100 Ohio Savings Plaza
                      1801 East Ninth Street
                      Cleveland, OH  44114-3169
                      Phone: (216) 696-6000
                      Fax: (2l6) 696-3338
                      Email: msicherman@dsb-law.com

                      Attorneys for Trustee

**CERTIFICATE OF SERVICE**

A copy of the foregoing memorandum will be served by ECF, and was also served by electronic mail to:

        Joseph E. Marosan
        Attorney for the Debtor
        jemlaw1@yahoo.com

                      /s/Marvin A. Sicherman

F:\WPWIN60\TEE\MAS\Cohara\Memorandum in Opposition of Dismissal.frm