# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### Eastern Division

In re:                                    In Proceedings Under Chapter 7

JOSEPHINE COHARA,                         Case No. 04-10371

Debtor.

JUDGE RANDOLPH BAXTER

## MEMORANDUM OF OPINION AND ORDER

The matter presently before the Court is the Debtor's Motion to Voluntarily Dismiss Chapter 7 Proceedings and the Trustee's objection to the same. Core jurisdiction of this matter is acquired under provisions of 28 U.S.C. § 157(b)(2)(A), 28 U.S.C. § 1334, and General Order No. 84 of this district. Upon a duly noticed hearing, the following constitutes the Court's factual findings and conclusions of law:

*

Josephine Cohara ("Debtor") filed for Chapter 7 relief on January 13, 2004. On April 7, 2004 the Debtor filed a motion to voluntarily dismiss her case. As a basis for the dismissal, the Debtor states that a dismissal would be more fair to the creditors, and that some of the assets that the Trustee is attempting to reach are necessary for the ongoing health and maintenance of the Debtor. Specifically, the Trustee is attempting to get an order directing Prudential Annuity Services to turn over annuity payments which are the result of a structured settlement that was negotiated when the Debtor was involved in a serious automobile accident as a minor. The Debtor disclosed this structured settlement in her bankruptcy schedules. The Debtor contends that her medical condition has progressively declined causing increased pain and the need for one or more operations. The

Debtor argues that she needs the structured settlement funds to pay for these medical treatments because her condition has been increasingly classified as pre-existing by the Debtor's employer. Further, the Debtor asserts that the dismissal of her action may be more fair to creditors because she has proposed a payment plan under which her creditors may ultimately receive more money than they would in the Chapter 7 proceedings. In support of this, the Debtor asserts that if she pays the debts on her own the funds that would have gone to the Trustee's administration fees will be available to her creditors. Additionally, the Debtor contends that by seeking a turnover of the structured settlement, the Trustee is thwarting the purpose of the structured settlement. The structured settlement funds were to be used by Debtor for medical purposes, and the settlement contains anti-alienation provisions which prohibit the attachment of these funds by creditors.

The Trustee objects to the voluntary dismissal arguing that the Debtor does not have an absolute right to voluntarily dismiss her Chapter 7 case. The Trustee contends that the dismissal sought by the Debtor requires her to show adequate cause, and that she has failed to demonstrate such cause. Further, the Trustee argues that even if there is cause, the Court should still deny the motion because there is prejudice to the creditors. The Trustee states that the Debtor has not given any indication as to how creditors will fair better if her case is dismissed. The Trustee states that the likely result of dismissal will be that creditors will not be able to reach the proceeds of the structured settlement, and that unsecured creditors will be left without any recovery of their claims.

**

11 U.S.C. § 707(a) provides in pertinent part that "[t]he court may dismiss a case under this chapter only after notice and a hearing and only for cause." The Court agrees with the Trustee that a Chapter 7 debtor does not have an absolute right to have her case dismissed and that cause must

2

be demonstrated in order for a dismissal motion to be granted. Section 707(a) does not provide an exhaustive list of factors to be considered in determining whether good cause exists to dismiss a Chapter 7 bankruptcy petition. In re Atlas Supply Corp., 857 F.2d 1061, 1063 (5th Cir.1988). However, courts have held that consideration of a debtor's motion to dismiss a Chapter 7 case voluntarily may be based on principles of equity. See Id. ("Since equitable principles may be applied under the present Bankruptcy Code, the decision whether to grant a motion to dismiss a petition in bankruptcy lies within the discretion of the bankruptcy judge."); In re Wolfe, 12 B.R. 686 (Bankr. S.D. Ohio 1981); In re Blue, 4 B.R. 580, 584 (Bankr. D. Md.1980) ("The court must balance the equities and weigh the 'benefits and prejudices' of a dismissal.").

In determining whether cause exists, the test is whether dismissal is in the best interests of the debtor and her creditors. In re Schwartz, 58 B.R. 923, 925 (Bankr. S.D.N.Y. 1986) As to the debtor, best interest lies generally in securing an effective fresh start, and in the reduction of administrative expenses leaving her with resources to work out her debts. Id. On the other side of the balance is the prejudice to the creditors. If dismissal would prejudice the creditors, then it will ordinarily be denied. In re Atlas Supply Corp., 857 F.2d at 1063. Prejudice to creditors includes delay in satisfying creditors' claims, unavailability of assets, and can also be found when a motion to dismiss is filed long after bankruptcy is initiated. Id. at 1063-1064; In re Marra, 179 B.R. 782 (Bankr. M.D. Pa. 1995). All creditors and the trustee should have an opportunity to convince the bankruptcy court that there is "cause" in the form of plain legal prejudice for refusing to allow a debtor voluntarily to dismiss a Chapter 7 case. In re Geller, 74 B.R. 685 (Bankr. E.D. Pa. 1987); In re Hall, 15 B.R. 913, 917 (9th Cir. B.A.P. 1981)("Unless dismissal will cause some plain legal prejudice to the creditors, it normally will be proper."). Such a motion by a debtor, however, will

3

be granted in all but extraordinary situations. Id.

In this case, the Trustee has failed to demonstrate that the creditors will be prejudiced. The creditors have not been unreasonably delayed from seeking state court action because the Debtor's petition was only recently filed in January 2004. The Trustee has also failed to demonstrate that assets will be lost if the case is dismissed. Additionally, none of the creditors has objected to the Debtor's motion, and the Debtor states she is in the midst of negotiating payments to her creditors. The Debtor has demonstrated cause in that she needs the structured settlement funds to pay for future medical expenses. The Debtor also seeks to use her resources to work out her own debts. All creditors in this matter can seek state law remedies, if appropriate. In addition, none of the factors that usually cause a denial of the Debtor's voluntary dismissal exist in this case. There have been no allegations of bad faith, fraud, unreasonable delay to creditors, and the Debtor is not attempting to re-file to add more claims. See, e.g., In re Brainsel, 130 B.R. 502 (Bankr. N.D. Ohio 1991); In re MacDonald, 73 B.R. 254 (Bankr. N.D. Ohio 1987).

*** 

Accordingly, the Debtor's Motion to Dismiss is granted, and the Trustee's objection to the same is overruled. This dismissal moots the Trustee's Motion for an Order Directing Prudential Annuity Services to Turn Over Annuity Payments. Each party is to bear its respective costs.

**IT IS SO ORDERED.**

Dated, this / ˢᵗ day of
June, 2004

**RANDOLPH BAXTER**
**UNITED STATES BANKRUPTCY JUDGE**

4